UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAFAEL PEREZ HERRERA,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-06630-DAD-SCR<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 2, 11) |

On August 20, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for immediate release (Doc. No. 2), which the court construed as a motion for temporary restraining order (Doc. No. 5).[1]

[1] On October 26, 2026, petitioner filed a motion to enforce judgment and to appoint counsel (Doc. No. 11) in which he argues that the bond hearing ordered by this court did not comply with this court's order or protect petitioner's due process rights. (Doc. No. 11 at 2.) Therein, petitioner also requests that the court appoint counsel in order to help him articulate this argument. (*Id.*) The court will deny the motion to enforce judgment without prejudice because the court has not issued an order granting petitioner a bond hearing and there is therefore no judgment to enforce. In addition, petitioner has filed another motion to appoint counsel (Doc. No. 13) which more clearly states his arguments regarding this request. The court will refer that second motion to appoint to counsel (Doc. No. 13) to the assigned magistrate judge.

On August 28, 2026, respondents filed a combined response to the habeas petition and opposition to the motion for temporary restraining order. (Doc. No. 6.) Therein, respondents argue that petitioner is properly detained pursuant to 8 U.S.C. § 1226(c). (*Id.* at 3–7.) Specifically, respondents argue that petitioner is detained pursuant to § 1226(c)(1)(B) for having been convicted of a crime involving moral turpitude within five years of his admission. (*Id.* at 3.) Respondents further argue that the petition should be denied because petitioner has failed to exhaust his administrative remedies. (*Id.* at 4.)

In support of their filing, respondents provide documentation of the following. Petitioner was detained by ICE on or about February 10, 2026. (Doc. No. 6 at 16.) Also on February 10, 2026, a Notice to Appear for Removal Proceedings ("NTA") was issued for petitioner. (*Id.* at 10.) Therein, it is alleged that petitioner was admitted to the United States on or about December 18, 2021 as the spouse of a U.S. citizen, that on September 4, 2025, petitioner was convicted for driving under the influence of alcohol and neglect of a child without great bodily harm, and that petitioner is therefore removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(i) and (a)(2)(E)(i).[2] (*Id.* at 10–13.) On March 10, 2026, petitioner appeared with counsel before an immigration judge ("IJ") for a custody determination hearing and the parties agreed to take no action. (Doc. Nos. 6 at 35; 12 at 4.) On April 8, 2026, petitioner again appeared with counsel before an IJ for a custody determination hearing at which petitioner's counsel requested that the IJ take no action after discussing the allegations in the NTA which could subject petitioner to mandatory detention. (Doc. Nos. 6 at 38; 12 at 10.) Following the April 8, 2026 hearing, it does not appear that

/////

/////

/////

/////

[2] Petitioner states in his petition that he does not have any criminal history. (Doc. No. 1 at 2.) The government has provided documents which purport to show that petitioner has sustained the convictions alleged in the NTA (Doc. No. 6 at 19–33), however, because the court will deny this motion based on petitioner's failure to exhaust administrative remedies, the court does not make a finding with regard to the validity of petitioner's alleged criminal convictions.

petitioner requested a *Jospeh* hearing[3] or another custody determination hearing. On June 9, 2026, petitioner was ordered removed to Honduras and petitioner timely appealed that order. (Doc. No. 6 at 41–45.) A review of the Executive Officer of Immigration Review's ("EOIR") Automated Case Information system shows that petitioner's appeal remains pending. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ (searching by petitioner's A-File Number and nationality).

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Nevertheless, even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Here, petitioner filed a supplemental declaration regarding the lack of a bond hearing on October 2, 2026. (Doc. No. 9.) Therein, he states that, to the best of his knowledge, he has not appeared before an IJ for a hearing where the IJ considered evidence and determined whether he should be released on bond. (*Id.* at 1.) Based on the documents provided by respondents, petitioner appears to be correct that an IJ has not determined whether he should be released on bond, however it appears that is because petitioner's counsel requested that no action be taken at those hearings, and not because the government failed to provide petitioner with a custody

---

[3] At a Joseph hearing, a noncitizen "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *See Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)).

determination hearing. (Doc. No. 12 at 4, 10.) In addition, petitioner has not provided any argument or explanation as to why he has not renewed his request for a custody determination or requested a *Jospeh* hearing.

In light of the foregoing, the court finds that petitioner should not be excused from exhausting administrative remedies. *See Martinez v. Warden, Golden State Annex*, No. 1:26-cv-02998-DAD-CSK, 2026 WL 1398848, at *2 (E.D. Cal. May 19, 2026) (requiring administrative exhaustion where the petitioner failed to request a *Jospeh* hearing), *report and recommendation adopted sub nom. Martinez v. Warden*, No. 1:26-cv-02998-DAD-CSK (HC), 2026 WL 2020279 (E.D. Cal. July 13, 2026); *Buckley v. Chestnut*, No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at *4 (E.D. Cal. Apr. 16, 2026) (declining to waive prudential exhaustion as to the petitioner's statutory claim where the petitioner's appeal of the *Joseph* hearing was pending). Accordingly, the court will deny petitioner's motion for a temporary restraining order because he has not made a showing that he is likely to succeed on the merits of his claim in this regard.

For the reasons above,

1. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED without prejudice to the renewal by way of a motion for preliminary relief following exhaustion of his administrative remedies;
2. Petitioner's motion to enforce judgment and to appoint counsel (Doc. No. 11) is DENIED without prejudice; and
3. The pending petition for writ of habeas corpus (Doc. No. 1), motion to appoint counsel (Doc. No. 13), and motion to proceed *in forma pauperis* (Doc. No. 14) are REFERRED to Magistrate Judge Sean C. Riordan for further proceedings.

IT IS SO ORDERED.

Dated: **November 18, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE